## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| PLAINTIFF, | ) ) | NO.   CIV-17-879-R |
| v. | ) ) | |
| HORIZONTAL WELL DRILLERS, LLC, | ) ) ) | JURY DEMAND |
| DEFENDANT. | ) | |

## COMPLAINT

## NATURE OF THE ACTION

This action is brought under the Age Discrimination in Employment Act of 1967, Title I of the Americans with Disabilities Act of 1990, Title II of the Genetic Information Non-Discrimination Act of 2008, Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment actions on the basis of age, disability, and genetic information and to provide appropriate relief to Charging Party Wilbert Glover and other employees and job applicants harmed as a result of Defendant Horizontal Well Drillers's unlawful employment actions. As alleged with greater particularity below, the Commission alleges that Horizontal Well Drillers engaged in a pattern or practice of failing to hire job applicants for positions on its oil rigs based on age in violation of the Age Discrimination in Employment Act (ADEA); engaged in a pattern or practice of failing to hire qualified job applicants for drilling rig positions because of their disabilities, perceived disabilities, and / or record of disabilities as

indicated by their workers compensation claim or disability pension history in violation of the Americans with Disabilities Act ("ADA"); violated the ADA by subjecting all applicants for drilling rig positions to pre-offer disability-related inquiries in violation of the ADA; failed to keep medical information confidential and properly segregated in violation of the ADA and the GINA; failed to retain employment applications as required by the ADA and 29 C.F.R. § 1602.14; conducted an unlawful medical examination of Charging Party Glover in violation of the ADA; discharged Glover because of disability in violation of the ADA; and failed to file EEO-1 reports as required by Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217; Section 107(a) of the ADA, 42 U.S.C. § 12117(a), and Section 207(a) of GINA, 42 U.S.C. § 2000ff-6(a), respectively, both of which incorporate by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C.§ 2000e-5(f)(1), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and pursuant to Section 709(c) of Title VII, 42 U.S.C.§2000e-8 and 29 C.F.R. §1602.9.

2.      Venue is proper in this Court because the employment practices alleged to be unlawful were and are now being committed at the Horizontal Well Drillers's

corporate offices located in Purcell, Oklahoma, within the geographic boundaries of the United States District Court for the Western District of Oklahoma.

## PARTIES

3.      Plaintiff Equal Employment Opportunity Commission is the agency of the United States charged with the administration, interpretation, and enforcement of the ADEA, Title I of the ADA, Title II of GINA, and Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and 42 U.S.C. § 2000e-5(f)(1) and (3), and 29 U.S.C. § 626(b).

4.      Defendant Horizontal Well Drillers, LLC, has its principal place of business in Purcell, Oklahoma and has, at all relevant times to this lawsuit, is an employer engaged in an industry affecting commerce, under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h), and employed in excess of twenty employees, and is an "employer" under Section 101(5), (7) of the ADA, 42 U.S.C. § 12111(5), (7), and Section 201(2)(B)(i) of GINA, 42 U.S.C. § 2000ff(2)(B)(i), both of which incorporate 42 U.S.C. §§ 2000e(b) by reference.

5.      As an employer under the ADA, Horizontal Well Drillers has been, at all relevant times, a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

6.      On or about April 1, 2013, more than thirty days prior to the institution of this lawsuit, Wilbert Glover filed a charge of discrimination with the Commission

alleging violations of GINA and the ADA against Horizontal Well Drillers, Charge No.564-2013-00655.

7.      On or about December 4, 2014, more than thirty days prior to the institution of this lawsuit, the Director of the St. Louis District Office of the Commission initiated an investigation alleging violations of the ADEA by Horizontal Well Drillers, Charge No.560-2015-00372.

8.      After investigation, on February 3, 2016, the Commission issued to Horizontal Well Drillers Letters of Determination finding reasonable cause to believe that the ADEA, the ADA, and the GINA were violated, and finding that Horizontal Well Drillers failed to maintain employment records and file EEO-1 reports each year as required by Title VII, and inviting Horizontal Well Drillers to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.      The Commission engaged in communications with Horizontal Well Drillers to provide the company the opportunity to remedy the discriminatory practices described in the Letters of Determination.

10.      The Commission was unable to secure from Horizontal Well Drillers a conciliation agreement acceptable to the Commission.

11.      On December 7, 2016, the Commission issued to Horizontal Well Drillers a Notice of Failure of Conciliation.

12.      All conditions precedent to the institution of this lawsuit have been fulfilled.

4

## **STATEMENT OF THE FACTS**

13.     From at least January 2012 until approximately August 2014, Horizontal Well Drillers used an online application process which required job applicants to fill out an application online or print out the application and fax the completed form to Horizontal Well Drillers's corporate office.

14.     Exhibit 1 is a true and accurate copy of a Horizontal Well Drillers's online employment application used from at least January 2012 until approximately August 2014.

15.     Horizontal Well Drillers's online application requested information related to the applicant's age and health history, including:

- Birth Date

- Age

- Family Health History (including check boxes for various conditions, including diabetes, neurological disorders or epilepsy, blood disorders, cancer, heart disease, strokes, kidney disease, and high blood pressure, suffered by "near relative")

- Are you currently under a doctor's care? (with box for explanation)

- Are you currently taking prescription drugs? (with box for explanation)

- Do you currently have any problems related to (check boxes with list of medical conditions and box for explanation)

- Have you ever filed or received workers' compensation or a disability pension for an illness or injury?

- Give dates, types of illnesses or injuries, and if any lasting effects.

16.     Horizontal Well Drillers staff processed employment applications by printing the electronic applications or taking paper applications and then highlighting the

portions of the applications that showed the applicant's responses to inquiries about date of birth, workers compensation history, personal medical history, family medical history, and oil field experience.

17.     Since at least January 2012 through approximately July 2014, Horizontal Well Drillers CEO Steve Akerman made all hiring decisions for Horizontal Well Drillers's drilling rig positions, including but not limited to derrickhand, motorhand, and floorhand.

18.     After Horizontal Well Drillers staff highlighted the printed employment applications, CEO Akerman reviewed all the applications for drilling rig positions.

19.     After reviewing the applications, Akerman returned two stacks of applications to Horizontal Well Drillers staff – one stack of applications from applicants whom he wanted to interview and the other stack to be discarded.

20.     Horizontal Well Drillers staff destroyed the printed, highlighted applications from applicants whom Akerman did not want to interview.

21.     As part of the company's hiring process, Horizontal Well Drillers routinely engaged a third-party vendor to perform a workers' compensation background search on all applicants before the applicant's scheduled interview and before a conditional offer of employment was made to the applicant.

22.     Horizontal Well Drillers's preference and policy was to not hire applicants with a history of workers' compensation injuries or claims.

23.     Since at least January 2012, Horizontal Well Drillers subjected new hires for drilling rig positions to a medical exam. This medical exam frequently took place

after new hires began working for Horizontal Well Drillers.

24.    In or around February 2012, Kurt Branch applied for a drilling rig position with Horizontal Well Drillers.

25.    In response to questions on the application, Mr. Branch provided information indicating he was over 40 years of age at the time he applied.

26.    Mr. Branch had approximately 21 years' experience working in the oil drilling industry, including derrickhand, floorhand, and motorhand positions. He also had horizontal drilling experience.

27.    Despite Mr. Branch's previous experience, Horizontal Well Drillers refused to hire him and told him that he was not qualified for a drilling rig position.

28.    James Cargal applied for a drilling rig position with Horizontal Well Drillers twice, in 2012 and 2017.

29.    In response to questions on the application, Mr. Cargal provided information indicating he was over 40 years of age at the time he applied.

30.    Mr. Cargal has four to five years' prior experience working on drilling rigs, including working as a floorhand and motorhand. He also has horizontal drilling experience.

31.    Despite Mr. Cargal's previous experience, Horizontal Well Drillers did not call him or hire him for any position.

32.    In 2013, Stephan Mayfield applied for a drilling rig position with Horizontal Well Drillers.

33.    At the time he applied, Mr. Mayfield had approximately four years'

experience working on drilling rigs, including as a floorhand and derrickhand.

34.     When Mr. Mayfield first spoke with a female employee at Horizontal Well Drillers about his interest in working for the company, she was excited about his experience.

35.     When Mr. Mayfield completed his application for employment with Horizontal Well Drillers, in response to questions on the application, Mr. Mayfield indicated he had a previous work-related injury covered by workers' compensation insurance.

36.     Mr. Mayfield's previous injury – a fractured thumb suffered in 2009 while working on a drilling rig – did not affect his ability to continue working on drilling rigs, which he did approximately one week after his injury.

37.     Horizontal Well Drillers never interviewed Mr. Mayfield or followed up on his application for employment.

## COUNT I

(ADEA – Failure to Hire)

38.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

39.     Since at least January 2012, Horizontal Well Drillers discriminated against applicants age 40 and older in hiring for drilling rig positions in violation of Section 4 of the ADEA, 29 U.S.C. §623(a).

40.     Horizontal Well Drillers hired applicants age 40 and older at significantly lower rates than it hired applicants under age 40.

41.     Since at least January 2012, Horizontal Well Drillers has subjected Kurt Branch, James Cargal, and a class of aggrieved applicants, age 40 and older, for drilling rig positions to a pattern or practice of discriminatory failure to hire such persons because of their age in violation of Section 4 of the ADEA, 29 U.S.C. §623(a).

42.     Since at least January 2012, Horizontal Well Drillers refused to hire drilling rig applicants age 40 and older if younger qualified applicants were available.

43.     Akerman told at least one subordinate employee that he did not believe that people age 40 or older are able to learn horizontal drilling and that he would not hire them for positions on the oil rigs, even if they have drilling experience.

44.     The effect of the practices complained of herein has been to deprive job applicants age 40 and older of equal employment opportunities with Horizontal Well Drillers and otherwise adversely affect their status as job applicants because of age.

45.     Horizontal Well Drillers's unlawful employment practices complained of herein were willful within the meaning of the ADEA, *see* 29 U.S.C. § 626(b).

## COUNT II

### (ADA– Failure to Hire)

46.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

47.     Since at least January 2012, Horizontal Well Drillers used workers' compensation injury and claims history provided by job applicants on their application forms to discriminate in hiring based on disability.

48.     Horizontal Well Drillers hired applicants who reported workers'

9

compensation injury and claims history at significantly lower rates than it hired applicants who did not report such history.

49.      Since at least January 2012, Horizontal Well Drillers has subjected Stephan Mayfield and a class of qualified aggrieved applicants for drilling rig positions to a pattern or practice of discriminatory failure to hire because of the workers' compensation injuries and claims history such persons provided on their application forms.

50.      The effect of this practice has been to deprive job applicants who reported workers' compensation injuries and claims history on their applications of equal employment opportunities with Horizontal Well Drillers and otherwise adversely affect their status as job applicants because of their disabilities, perceived disabilities, and / or record of disabilities as indicated by their workers' compensation claim history.

51.      This practice violates Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

52.      This unlawful employment practice was and is intentional.

53.      This unlawful employment practice was and is being done with malice or reckless indifference to the federally protected rights of applicants for drilling rig positions who were adversely affected by this practice.

## COUNT III

(ADA – Prohibited Disability-Related Inquiry)

54.      Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

55.      Since at least January1, 2012, Horizontal Well Drillers conducted workers' compensation background searches on applicants before any conditional offer of

employment was extended to the applicants.

56.     The effect of this practice has been to deprive job applicants of equal employment opportunities with Horizontal Well Drillers and otherwise adversely affect their status as an applicant for employment because of their disability.

57.     This practice violates Section 102(d)(2)(A) of the ADA, 42 U.S.C. § 12112(d)(2)(A).

58.     This unlawful employment practice was and is intentional.

59.     This unlawful employment practice was and is being done with malice or reckless indifference to the federally protected rights of applicants for drilling rig positions who were adversely affected by this practice.

## COUNT IV

(ADA & GINA – Failure to Maintain Confidentiality of Medical Records)

60.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

61.     Since at least January 2012, Horizontal Well Drillers failed to separate and maintain in separate medical files its employees' and applicants' medical information, including but not limited to information on applicants' employment applications, in violation of Section 102(d)(3)(B) and (4)(C) of the ADA, 42 U.S.C. §12112(d)(3)(B) and (4)(C), and Section 206 of the GINA, 42 U.S.C. §2000ff-5.

62.     This unlawful employment practice was and is intentional.

63.     This unlawful employment practice was and is being done with malice or reckless indifference to the federally protected rights of applicants for drilling rig

positions who were adversely affected by this practice.

## COUNT V

(ADA – Failure to Retain Records)

64.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

65.     Since at least January 2012, Horizontal Well Drillers has failed to preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

66.     Since at least January 2012, Horizontal Well Drillers has destroyed employment applications, including copies highlighted and annotated by Horizontal Well Drillers staff as part of the hiring process.

67.     In or around 2014, Defendant Horizontal Well Drillers destroyed historic electronic applicant data when it altered its online application form.

68.     These actions violated of Section 107(a) of the ADA, 42 U.S.C. § 12117(a) which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c),

69.     These unlawful actions were and are intentional.

70.     These unlawful actions were and are being done with malice or reckless indifference to the federally protected rights of applicants for drilling rig positions who were adversely affected by this practice.

## COUNT VI

(ADA – Unlawful Medical Exam)

71.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in

the foregoing paragraphs of this Complaint as fully set forth herein.

72.     On or about January 11, 2013, Wilbert Glover applied for employment with Horizontal Well Drillers by completing Horizontal Well Drillers's application and submitting it to Horizontal Well Drillers online.

73.     Exhibit 2 is a true and accurate copy of the employment application Glover submitted online to Horizontal Well Drillers.

74.     On February 6, 2013, Glover interviewed with Horizontal Well Drillers, was offered a drilling rig job as a derrickhand, and accepted the position.

75.     On or about February 7, 2013, Glover signed Horizontal Well Drillers's Conditional Job Offer form.

76.     Exhibit 3 is a true and accurate copy of the Conditional Job Offer form signed by Glover.

77.     On February 7, 2013, Glover completed new employee orientation in the corporate offices of Horizontal Well Drillers located in Purcell, Oklahoma.

78.     On February 7, 2013, Glover began working as a derrickhand with a rig crew under the supervision of Doug Heflin at Horizontal Well Drillers's Purcell yard.

79.     On February 11, 2013, Horizontal Well Drillers required Glover to take a medical exam and lift test.

80.     On February 11, 2013, Horizontal Well Drillers's company doctor performed Glover's medical exam, the results of which he recorded on Glover's medical exam report.

81.     As part of the medical exam, Horizontal Well Drillers's company doctor

took Glover's blood pressure, which was recorded on Glover's medical exam report and communicated to Horizontal Well Drillers.

82.     Horizontal Well Drillers's company doctor determined that Glover was medically qualified to work, and the doctor cleared Glover to work his assigned job without any medical restrictions.

83.     Exhibit 4 is a true and correct copy of the form completed by Horizontal Well Drillers's company doctor regarding Glover's medical exam on February 11, 2013.

84.     On February 11, 2013, Glover's medical exam report, which contained Glover's blood pressure information, was faxed to Horizontal Well Drillers's corporate offices in Purcell, Oklahoma.

85.     The post-hire medical exam conducted by Horizontal Well Drillers on February 11, 2013, violated Section 102 (d)(3) of the ADA, 42 U.S.C. § 12112(d)(3).

86.     The effect of the actions complained of in paragraphs 71 through 85 above has been to deprive Wilbert Glover of equal employment opportunities and otherwise adversely affected his status as an employee of Horizontal Well Drillers.

87.     The unlawful employment practices complained of in paragraphs 71 through 86 above were intentional.

88.     The unlawful employment practices complained of in paragraphs 71 through 86 above were done with malice or with reckless indifference to the federally protected rights of Wilbert Glover.

## COUNT VII

(ADA– Termination)

89.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

90.     On February 11, 2013, after the medical exam and lift test, Glover returned to Horizontal Well Drillers and continued working.

91.     After Glover returned from the medical exam, his immediate supervisor, Doug Heflin, met with him in the Horizontal Well Drillers yard and told him that he was being terminated because of his high blood pressure.

92.     Glover's termination form, signed by Heflin, indicated that Glover had been terminated because Glover was "unable to perform duties within first 90 days."

93.     Exhibit 5 is a true and accurate copy of Glover's February 11, 2016 Termination Form signed by Heflin.

94.     Horizontal Well Drillers discharged Glover because it learned that he had high blood pressure, because of the record of his having high blood pressure, and because it regarded Glover as disabled.

95.     Horizontal Well Drillers's termination of Glover violated Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

96.     The effect of the actions complained of in paragraphs 89 through 95 above has been to deprive Wilbert Glover of equal employment opportunities and otherwise adversely affected his status as an employee of Horizontal Well Drillers because of disability.

97.     The unlawful employment practices complained of in paragraphs 89 through 96 above were intentional.

98.     The unlawful employment practices complained of in paragraphs 89 through 96 above were done with malice or with reckless indifference to the federally protected rights of Wilbert Glover.

## COUNT VIII

(Failure to File EEO-1 Reports with the Commission)

99.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

100.    Since at least January 2012, Horizontal Well Drillers has employed over one hundred employees and was required to file an annual EEO-1 report to comply with 29 C.F.R. §1602.7.

101.    Since at least January 2012, Horizontal Well Drillers has failed to create, maintain, and file EEO-1 reports in violation of 42 U.S.C. §2000e-8, 2000ff-6, 12117, and 29 C.F.R. §1602.7.

## PRAYER FOR RELIEF

102.    Wherefore, the Commission requests that this Court:

## COUNT I

A.  Grant a permanent injunction enjoining Defendant Horizontal Well Drillers, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating based on age against applicants age 40 and older in hiring for drilling rig positions;

B.  Order Defendant Horizontal Well Drillers to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals age 40 and older and which eradicate the effects of its past and present unlawful employment practices;

C.  Grant a judgment requiring Defendant Horizontal Well Drillers to pay appropriate back wages, an equal sum as liquidated damages, and prejudgment interest to individuals because of Defendant Horizontal Well Drillers's unlawful discrimination in hiring against individuals age 40 and older who were seeking drilling rig positions;

D.  Order Defendant Horizontal Well Drillers to make whole all individuals adversely affected by the unlawful practices described above, specifically all individuals age 40 and older not hired for drilling rig positions because of their age, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place hiring of individuals unlawfully denied hire because of their age;

E.  Order Defendant to provide training for supervisors and managers at all corporate levels, specific to the ADEA;

## COUNT II

F.  Grant a permanent injunction enjoining Defendant Horizontal Well Drillers, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating based on disability against qualified applicants who report workers' compensation or disability pension

history in hiring for drilling rig positions;

G. Order Defendant Horizontal Well Drillers to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices;

H. Grant a judgment requiring Defendant Horizontal Well Drillers to pay appropriate back wages and prejudgment interest to qualified applicants whom Defendant unlawfully failed to hire because of their disabilities, perceived disabilities, and / or record of disabilities as indicated by their workers' compensation claim  history;

I. Grant a judgment requiring Defendant Horizontal Well Drillers to make qualified applicants whom Defendant unlawfully failed to hire because of their disabilities, perceived disabilities, and / or record of disabilities as indicated by their workers' compensation claim or disability pension history whole by providing compensation for all past and future pecuniary losses resulting from the unlawful practices described in Count II above;

J. Grant a judgment requiring Defendant Horizontal Well Drillers to make qualified applicants whom Defendant unlawfully failed to hire because of their disabilities, perceived disabilities, and / or record of disabilities as indicated by their workers compensation claim history whole by providing compensation for all past and future nonpecuniary losses resulting from the unlawful practices described in Count II above, including (but not limited to) emotional

pain, suffering, embarrassment and  humiliation;

K.  Order Horizontal Well Drillers to pay punitive damages for its malicious and reckless conduct and to deter future unlawful conduct by Horizontal Well Drillers and other companies;

L.  Order Defendant to provide training for supervisors and managers at all corporate levels, specific to the ADA;

## COUNT III

M.  Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Defendant Horizontal Well Drillers's pre-offer workers' compensation background search violates the ADA, 42 U.S.C. § 12112(d)(2)(A);

N.  Issue a permanent injunction prohibiting Horizontal Well Drillers, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from making pre-employment medical inquiries by conducting pre-offer workers' compensation background searches in violation of 42 U.S.C. § 12112(d)(2)(A) or 42 U.S.C. § 2000ff-1(b);

O.  Grant a judgment requiring Defendant Horizontal Well Drillers to pay appropriate back wages and prejudgment interest to qualified applicants whom Defendant unlawfully failed to hire because of its unlawful medical inquiries about their workers' compensation claim or disability pension history;

P.  Grant a judgment requiring Defendant Horizontal Well Drillers to make whole qualified applicants whom Defendant unlawfully failed to hire because of its unlawful medical inquiries about their workers' compensation claims or

disability pension history by providing compensation for all past and future pecuniary losses resulting from the unlawful practices described in Count III above;

Q. Grant a judgment requiring Defendant Horizontal Well Drillers to make whole qualified applicants whom Defendant unlawfully failed to hire because of their disabilities, perceived disabilities, and / or record of disabilities as indicated by their workers compensation claim or disability pension history by providing compensation for all past and future nonpecuniary losses resulting from the unlawful practices described in Count III above, including (but not limited to) emotional pain, suffering, embarrassment, humiliation;

R. Order Horizontal Well Drillers to pay punitive damages for its malicious and reckless conduct alleged in Count III and to deter future unlawful conduct by Horizontal Well Drillers and other companies;

S. Order Defendant to provide training for supervisors and managers at all corporate levels, specific to medical inquiries which are permitted and which are prohibited under the ADA;

## COUNT IV

T. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Horizontal Well Drillers violated and continues to violate Section 102(d)(3)(B) and (4)(C) of the ADA, 42 U.S.C. §12112(d)(3)(B) and (4)(C), and Section 206 of the GINA,42 U.S.C. §2000ff-5 and the Commission's regulations found at 29 C.F.R. § 1635.9, by its failure to maintain the confidentiality of medical

records and to segregate such records as required by law;

U. Issue a permanent injunction compelling Horizontal Well Drillers, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, to maintain the confidentiality of medical records and to segregate such records as required by law;

Order Horizontal Well Drillers to pay punitive damages to all persons for whose medical records it failed to maintain confidentiality for its malicious and reckless conduct and to deter future unlawful conduct by Horizontal Well Drillers and other companies;

## COUNT V

V. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Horizontal Well Drillers violated and continues to violate 42 U.S.C. § 2000e-8(c) and the Commission's recordkeeping regulations found at 29 C.F.R. Part 1602(C), 29 C.F.R. § 1602.14, by its failure to maintain and retain employment records as required by law;

W. Issue a permanent injunction compelling Horizontal Well Drillers, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, to make and preserve all records required by 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000ff-6(a);

## COUNT VI

X.  Grant a permanent injunction enjoining Defendant Horizontal Well Drillers, its officers, agents, servants, employees, attorneys, and all persons in active

concert or participation with it, from conducting medical examinations of its employees made unlawful by Section 102 (d)(3) of the ADA, 42 U.S.C. § 12112(d)(3).

Y. Order Defendant Horizontal Well Drillers to institute and carry out policies, practices, and programs which provide equal employment opportunities to Wilbert Glover and other employees who were required to submit to unlawful medical examinations and which eradicate the effects of its past and present unlawful employment practices;

Z. Grant a judgment requiring Defendant Horizontal Well Drillers to pay appropriate back wages and prejudgment interest to Wilbert Glover, and other affirmative relief necessary to eradicate the effects of its unlawful medical examination, including frontpay;

AA.   Grant a judgment requiring Defendant Horizontal Well Drillers to make Wilbert Glover whole by providing him compensation for all past and future pecuniary losses resulting from the unlawful practices described in Count VI above;

BB.   Grant a judgment requiring Defendant Horizontal Well Drillers to make Wilbert Glover whole by providing him compensation for all past and future nonpecuniary losses resulting from the unlawful practices described in Count VI above, including (but not limited to) emotional pain, suffering, embarrassment and humiliation;

CC.   Order Horizontal Well Drillers to pay punitive damages to Wilbert Glover

for its malicious and reckless conduct and to deter future unlawful conduct by Horizontal Well Drillers and other companies;

DD.     Order Defendant to provide training for supervisors and managers at all corporate levels, specific to the what and when medical examinations are prohibited by ADA;

## COUNT VII

EE.     Grant a permanent injunction enjoining Defendant Horizontal Well Drillers, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discharging employees based upon the results of a medical examinations of its employees made unlawful by Section 102 (d)(3) of the ADA, 42 U.S.C. § 12112(d)(3) and/or because they have a disability.

FF. Order Defendant Horizontal Well Drillers to institute and carry out policies, practices, and programs which provide equal employment opportunities to Wilbert Glover and other employees who were discharged because of the results of an unlawful medical examinations and/or because they have a disability and to eradicate the effects of its past and present unlawful employment practices;

GG.     Grant a judgment requiring Defendant Horizontal Well Drillers to pay appropriate back wages and prejudgment interest to Wilbert Glover, and other affirmative relief (including frontpay) necessary to eradicate the effects of its discharging him because of the results of its unlawful medical examination and

because of his disability;

HH.     Grant a judgment requiring Defendant Horizontal Well Drillers to make Wilbert Glover whole by providing him compensation for all past and future pecuniary losses resulting from the unlawful practices described in Count VII above;

II.     Grant a judgment requiring Defendant Horizontal Well Drillers to make Wilbert Glover whole by providing him compensation for all past and future nonpecuniary losses resulting from the unlawful practices described in Count VII above, including (but not limited to) emotional pain, suffering, embarrassment- and- humiliation;

JJ.     Order Horizontal Well Drillers to pay punitive damages to Wilbert Glover for its malicious and reckless conduct and to deter future unlawful conduct by Horizontal Well Drillers and other companies;

## COUNT VIII

KK.     Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Horizontal Well Drillers violated and continues to violate 29 C.F.R. §1602.7, by its failure to file annual EEO-1 reports as required by law;

LL.     Issue a permanent injunction compelling Horizontal Well Drillers, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, to file its annual EEO-1 reports as required by 29 C.F.R. §1602.7;

## ALL COUNTS

MM.   Grant such other and further relief as this Court deems necessary and proper in the public interest; and

NN.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN
Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney

/s/ *Jeff A. Lee*
JEFF A. LEE, OBA 13483
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee, Rm 524
Oklahoma City, OK 73102
Phone: (405) 231-5829
Email: jeff.lee@eeoc.gov

EMILY A. KEATLEY
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Kansas City District Office
400 State Ave., Suite 905
Kansas City, KS 66101
913-551-6648
Email:  emily.keatley@eeoc.gov