

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Oklahoma City Area Office

215 Dean A. McGee Avenue, Suite 524
Oklahoma City, OK 73102
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Oklahoma City Status Line: (866) 408-8075
Oklahoma City Direct Dial: (405) 231-4911
TTY (405) 231-5745
FAX (405) 231-4140

Charge Number: 564-2013-00655

Wilbert L. Glover                    **Charging Party**
5337 Hearne Avenue
Shreveport, LA 71106


Regina Singleton                     **Respondent**
Human Resources Manager
Horizontal Well Drillers, L.L.C.
P.O. Box 1626
Purcell, OK 73080

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge filed pursuant to the Genetic Information Nondiscrimination Act (GINA) and the Americans with Disabilities Act (ADA).

Respondent is an employer within the meaning of these statutes. Timeliness and all other jurisdictional requirements for coverage by the Commission have been met.

Charging Party alleges that after he began working for Respondent, Respondent conducted a medical exam and made unlawful inquiries regarding confidential genetic and medical information. Respondent then terminated Charging Party's employment based on information obtained during this medical examination. Respondent denies Charging Party's allegations, stating that it only used medical information for safety reasons and that it did not terminate Charging Party, but that Charging Party voluntarily quit his job.

Evidence obtained during the investigation, including witness testimony and documentary evidence, establishes that Respondent did, in fact, conduct a medical examination of Charging Party after he began working for Respondent, engaging in prohibited disability-related inquiries under the ADA and unlawfully acquiring genetic information under the GINA. Evidence also establishes that Respondent failed to maintain the confidentiality of Charging Party's medical information as required by the ADA and the GINA. Evidence also establishes that Respondent unlawfully terminated Charging Party on the basis of his medical information in violation of the GINA and the ADA, and that Respondent either regarded Charging Party as disabled, or he was disabled, or he had a record of a disability under the ADA.

Evidence obtained during the investigation also revealed that from at least January 1, 2012 through June 30, 2014, Respondent's employment practices discriminated against and denied


EXHIBIT 14

EEOC-HWD000063

employment opportunities to other employees and applicants in violation of the ADA and the GINA. Respondent routinely acquired genetic information and made prohibited disability-related inquiries of job applicants and employees in violation of the GINA and the ADA. Respondent also failed to maintain confidential medical records as required by the GINA and the ADA. In addition, Respondent failed to hire applicants on the basis of their medical information in violation of the GINA and the ADA, and including applicants whom Respondent regarded as disabled, or who were disabled, or who had a record of a disability. Finally, Respondent failed to maintain applicant records as required by the ADA and Commission regulations and failed to create, maintain, and file EEO-1 reports from 2012 through 2013 in violation of Section 709(c) of Title VII, 42 U.S.C. §2000e-8(c), and 29 C.F.R. §1602.12.

Based on the evidence obtained, there is reasonable cause to believe that Respondent's actions as described in the preceding two paragraphs constituted unlawful employment practices in violation of the ADA and the GINA.

If the Commission determines that there is reasonable cause to believe that discrimination has occurred, the Commission shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reasonable cause to believe the allegations of the charge are true, the Commission now invites Respondent to join with it in a collective effort toward a just resolution of this matter.

A representative of this office will be in contact with each party to begin the conciliation process. Disclosure of information obtained by the Commission during the conciliation process will only be made in accordance with the statute and the Commission's Procedural Regulations.

If the Respondent declines to enter into settlement discussions, or when the Commission's representative for any other reason is unable to secure a settlement acceptable to this Office's Director, the Director shall so inform the parties, in writing, and advise them of the court enforcement alternatives available to the Charging Party and the U.S. Equal Employment Opportunity Commission.

On Behalf of the Commission:

_____          2-3-16
Holly Waldron Cole, Area Director                Date

Cc:   Jonathan E. Shook                  Jo Anne Deaton
      Shook & Johnson, P.L.L.C.          Rhodes, Hieronymus, Jones, Tucker & Gables,
      7420 S. Yale Ave.                  P.L.L.C.
      Tulsa, Oklahoma 74136              P. O. Box 21100
                                         Tulsa, OK 74121-1100